McKinney, J.,
delivered the opinion of the court.
This is a special action on the case, brought by the defendant in error against the plaintiff in error, to recover damages for the fraudulent transfer and sale of an obligation for the payment of money, by the latter to the former, and which was represented to be a valid and genuine obligation, when, in fact, it was utterly void. This is the substance of the charge in the declaration.
The obligation purports to have been executed by John H. Johnson to Peter Hildebran, on the 2d day of November, 1838, for the payment of $230 22, in current Bank notes at twelve months, with interest from date. Said obligation was transferred by Peter Hildebran to the plaintiff in error, Ellis H. Hildebran, who sold and transferred the same for value, to the defendant in error, as a good and valid obligation for the payment of so much money.
The name and seal of John H. Johnson to said obligation were affixed, not by him, but by Samuel H. Johnson, without legal authority, the latter having executed said obligation under a mere parol authority. Upon this ground, and also because the consideration of said obligation was alleged to be fraudulent, payment thereof was refused by the maker.
The defendant in error brought suit on the obligation against said John H. Johnson, in the Circuit Court of Polk. The plea of non est factum was filed, and issue joined thereon. *94 At this stage of the cause, the parties mutually agreed to submit the subject matter of dispute to an arbitration. The arbitrators made an award against Johnson for the sum of one hundred dollars, which award was made the judgment of the court in said cause. And said sum of one hundred dollars was received by Rowan, the plaintiff, in satisfaction of the judgment.
The record of that judgment was adduced in evidence, and relied upon by the defendant in bar of the present action. But his honor, the circuit judge, held that it created no bar, and that the defendant was merely entitled to have the amount of said judgment allowed by the jury in abatement of the damages to which the plaintiff might be entitled in this suit.
We entertain a different opinion. It may be conceded, as held by the circuit judge, that Rowan was not bound to have brought suit upon said obligation; but, that upon ascertaining that it was invalid in law, and payment thereof refused for that reason, he might at once have proceeded against the present plaintiff in error, upon his undertaking that the obligation was valid.
Nevertheless, in electing to sue Johnson on the obligation, as it was competent for him to do, it was at his peril that no step should be taken by him in the conduct of the suit which would prejudice the rights of the person from whom he purchased said obligation.
By referring the matter to the unlimited discretion of arbitrators — who, under the terms of submission, were at liberty to determine the whole matter of dispute according to their own views of the right and justice of the case, without regard to the established rules of law governing the cause, Rowan took upon himself the hazard of being bound by whatever award might be made. He thereby made the obligation absolutely his own. The award and judgment thereon were in affirmance of the validity of the obligation, and con *95 stitute a valid satisfaction and extinguishment thereof. It is of no avail to the defendant in error, that the award was for too small an amount — the judgment of the arbitrators in this respect, as in all others, is conclusive upon him.
The judgment will, therefore, he reversed, and the cause be remanded.